UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSS STORES, INC.,                                :
                                                  :
                     Plaintiff,                   :     No. 10 Civ. 06527 (JFK) (RLE)
                                                  :
          v.                                      :
                                                  :
KIMBERLY ROMANO,                                  :
                                                  :
                     Defendant.                   :
                                                  :
                                                  :
                                                  :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
<u>DEFENDANT'S FIRST COUNTERCLAIM</u>**

**THOMPSON WIGDOR & GILLY LLP**

Scott B. Gilly
85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
sgilly@twglaw.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND .....................................................................................................2

    I.    Factual Allegations of the Pleadings .............................................................................2

    II.    The Ensuing Litigation ..................................................................................................4

ARGUMENT ...............................................................................................................................4

    I.    LEGAL STANDARD ...................................................................................................4

    II.    DEFENDANT STATES A VALID COUNTERCLAIM UNDER NEW YORK LABOR LAW SECTION 193 .......................................................................................5

        A.    Plaintiff's Motion Is Misplaced Because New York Labor Law Section 193 Applies to Executives .......................................................................................5

        B.    The Bonus Owed Defendant Constitutes Wages Under Article 6 Of The Labor Law ..........................................................................................................6

        C.    Defendant Properly Alleges A Deduction Of Wages Under New York Labor Law Section 193 ......................................................................................11

    III.    DEFENDANT'S CLAIM FOR COSTS, ATTORNEY'S FEES AND STATUTORY LIQUIDATED DAMAGES UNDER NEW YORK LABOR LAW SECTION 198 LIKEWISE MAY NOT BE DISMISSED ................................................................13

CONCLUSION ..........................................................................................................................14

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Aledia v. HSH Nordbank AG,
    No. 08-CV-4342, 2009 WL 855951 (S.D.N.Y. Mar. 25, 2009) .................................. 9, 11

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ........................................................................................... 4, 5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ..................................................................................................... 4

Bader v. Wells Fargo Home Mortg. Inc.,
    09-CV-9410 (RJH), 2011 WL 1158403 (S.D.N.Y. Mar. 29, 2011) ............................... 11

Bierer v. Glaze, Inc.,
    05-CV-2459 (CPS), 2006 WL 2882569 (E.D.N.Y. Oct. 6, 2006) ................................. 13

Colangelo v. Fresh Perspectives, Inc.,
    948 F. Supp. 331 (S.D.N.Y. 1996) ............................................................................... 10

Cosmas v. Hassett,
    886 F.2d 8 (2d Cir. 1989) ............................................................................................ 8

DiBlasio v. Novello,
    344 F.3d 292 (2d Cir. 2003) ......................................................................................... 5

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010) ......................................................................................... 5

Ferrand v. Credit Lyonnais,
    02-CV-5191 (VM), 2003 WL 22251313 (S.D.N.Y. Sept. 30, 2003) ........................ 12, 13

Farricker v. Penson Dev., Inc.,
    07-CV-11191 (DAB), 2009 WL 860239 (S.D.N.Y. Mar. 31, 2009) ...................... 6, 9, 11

In re Merrill Lynch & Co., Inc.,
    273 F. Supp. 2d 351 (S.D.N.Y. 2003) ........................................................................... 3

Ireton-Hewitt v. Champion Home Builders Co.,
    501 F. Supp. 2d 341 (N.D.N.Y. 2007) ........................................................................ 10

Leavitt v. Bear Sterns & Co.,
    340 F.3d 94 (2d Cir. 2007) ........................................................................................... 5

Lentell v. Merrill Lynch & Co., Inc.,
    396 F.3d 161 (2d Cir. 2005) ....................................................................................... 3

Monagle v. Scholastic, Inc.,
    06-CV-14342 (GEL), 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007) ................................... 12

Schutty v. Pino,
    95-CV-1526 (LMM), 1997 WL 363812 (S.D.N.Y. July 1, 1997) ...................................... 9

Simas v. Merrill Corp.,
    02-CV-4400 (RCC), 2004 WL 213013 (S.D.N.Y. Feb. 4, 2004) ............................... 9, 11

**STATE CASES**

Cantor Fitzgerald Assocs., L.P. v. Mines,
    781 N.Y.S.2d 622 (N.Y. Sup. Ct., N.Y. Co. 2003) ............................................................ 11

Carlson v. Katonah Capital, L.L.C.,
    814 N.Y.S.2d 889 (N.Y. Sup. Ct. N.Y. Co. 2006) ............................................................ 11

Kletter v. Fleming,
    32 A.D.3d 566 (N.Y. App. Div. 3d Dep't 2006) ............................................................... 12

Pachter v. Bernard Hodes Group, Inc.,
    10 N.Y.3d 609 (2008) ......................................................................................................... 5

Truelove v. Northeast Capital & Advisory, Inc.,
    95 N.Y.2d 220 (2000) ........................................................................... 6, 7, 8, 9, 11

**STATUTES AND OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ........................................................................................................................ 4

N.Y. Labor Law § 190 ............................................................................................................. 5, 6

N.Y. Labor Law § 193 ................................................................................................................. 5

N.Y. Labor Law § 198 ............................................................................................................... 13

Defendant Kimberly Romano ("Defendant" or "Ms. Romano") submits this memorandum of law in opposition to Plaintiff Ross Stores, Inc.'s ("Plaintiff," "Ross" or the "Company") motion to dismiss Defendant's First Counterclaim. Because the Company's motion is substantively deficient (as established below), the Court should deny it and require Plaintiff to answer both counts of the counterclaim.

## PRELIMINARY STATEMENT

Ross does not dispute in this case, because it cannot, that Ms. Romano was entitled to a bonus payment. Instead, Ross resorts to making a factual challenge to the amount of bonus to which Ms. Romano was entitled under the Company bonus plan. Presupposing that its position is correct on how the bonus plan calculation would apply to Ms. Romano, the Company argues that its failure to pay her the full bonus amount she was owed did not constitute an unlawful deduction of wages under the New York Labor Law ("NYLL"). Ms. Romano, however, states a valid cause of action against the Company for its clear cut violation of Section 193 of the NYLL, in unlawfully deducting wages owed to her.

At the time of her separation in October 2009, Ms. Romano was eligible for an annual bonus payment in accordance to the Company's bonus plan. Namely, she was guaranteed a bonus payment for 2009 based on the satisfaction of performance goals associated with her individual performance and Plaintiff's overall performance. However, Ross only paid Ms. Romano $28,164 in prorated bonus for 2009, which reflected a substantial deduction from her bonus entitlement in violation of the Company's bonus plan. Failure to properly account for Plaintiff's performance in calculating Ms. Romano's bonus constituted a deduction of approximately two-thirds of the bonus she was owed by Ross. This unpaid bonus amount constitutes wages under the NYLL because it was both guaranteed based on specific

performance criteria and non-discretionary. While Plaintiff vigorously, yet unpersuasively, disputes that this bonus payment constitutes wages, its argument hinges on the terms of the applicable bonus plan and the resolution of disputed factual questions outside of the pleadings that are not properly decided on a Rule 12 motion to dismiss. Only after the parties have engaged in discovery on the terms, interpretation and past applications of the bonus plan, can Plaintiff's arguments properly be entertained by the Court. Accordingly, Defendant respectfully submits that Plaintiff's motion to dismiss Defendant's First Counterclaim should be denied.

## FACTUAL BACKGROUND

### I. Factual Allegations of the Pleadings

Ms. Romano was hired by Ross, primarily a seller of discounted clothing, in 1999. Compl. ¶¶ 4, 6. She worked at the Company continuously until her resignation on October 13, 2009. Compl. ¶ 7. At that time, she held the position of Vice President, Divisional Merchandise Manager ("VP-DMM"), responsible for leading strategic merchandising initiatives on a global basis while also being accountable for sales and profit objectives within multiple businesses of Ross. Compl. ¶ 5; Amended Answer and Counterclaim (hereinafter, "Countercl. ¶ __") ¶ 5.

While employed at Ross, Ms. Romano was eligible for a non-discretionary bonus payment pursuant to a written, annual bonus plan, providing for guaranteed bonus payments upon her satisfaction of performance goals tied to (a) her individual performance and (b) the Company's overall performance. Countercl. ¶ II. During each and every year of Ms. Romano's employment with Ross, she received a bonus payment calculated in accordance with these performance measures. Countercl. ¶ III.

On or about October 13, 2009, Ms. Romano entered into a confidential separation agreement with Ross ("Separation Agreement").[1] Compl. ¶ 8; Countercl. ¶ XIII. The Separation Agreement memorialized Ms. Romano's right to a prorated bonus payout under the bonus plan to which she was entitled at the time of her resignation; namely, a bonus based on the performance goals associated with both her individual performance and the Company's overall performance. Countercl. ¶ IV. The Separation Agreement stated:[2]

> In further consideration of Employee's promises herein, Employee will remain eligible for a FY2009 annual bonus prorated based on the number of days the Employee provided services to the Company during Fiscal Year 2009. The amount of such annual bonus payable, prior to any proration, shall be equal to the annual bonus that the Employee would have earned had no termination occurred, contingent on the relevant annual bonus plan performance goals for the year having been obtained. However, in no case shall such annual bonus, prior to proration, exceed 100% of the Employee's target bonus of $80,500 for Fiscal Year 2009. Such bonus shall not be paid until due under the applicable Company bonus plan.

Separation Agreement ¶ 7. Ross paid Ms. Romano only $28,164 as her prorated bonus for 2009. Compl. ¶ 12; Countercl. ¶ V. Ross reduced Ms. Romano's bonus in an amount of at least $50,000 by paying her based solely on her individual performance goals, and not the full bonus required under its written bonus plan. Countercl. ¶¶ V-VII.

---

[1] A copy of the Separation Agreement is annexed to the Declaration of Scott B. Gilly as Exhibit "A."

[2] Although the Separation Agreement is not appended to the Complaint, the Court may properly consider it because "facts alleged in the complaint and documents attached to it or incorporated in it by reference" are within the proper scope of review on a Rule 12(b)(6) motion to dismiss. In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356 (S.D.N.Y. 2003) aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161 (2d Cir. 2005). Plaintiff both quotes and references the Separation Agreement at length in its Complaint. See Compl. ¶¶ 8-17.

3

## II. <u>The Ensuing Litigation</u>

Plaintiff filed its Complaint against Ms. Romano on August 4, 2010, alleging that she had violated a non-solicitation covenant contained in her Separation Agreement. Ms. Romano answered the Complaint on September 9, 2010, denying any violation of the Separation Agreement. On February 1, 2011, Ms. Romano filed an Amended Answer and Counterclaims based on Ross' unlawful deduction of wages in the form of short-changing her bonus payment. In lieu of answering the counterclaims, on March 11, 2011, Ross filed the instant motion seeking only partial dismissal of Ms. Romano's counterclaims.

As explained in more detail below, Ross fails to meet its burden to sustain its partial motion to dismiss. Ms. Romano's counterclaim pursuant to Section 193 of the NYLL raises questions of fact and requires analysis of the terms, interpretation and past applications of Ross' bonus plan, which is not part of the pleadings in this matter. As such, the motion improperly asks the Court to resolve factual questions and assay the weight of evidence outside of the pleadings.

## **ARGUMENT**

### I. **LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard that merely requires that a complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Further, the Court, presuming all "well pleaded factual allegations" to be true, must determine whether those allegations "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Facial plausibility is a "context-specific" concept, requiring more than a "sheer possibility" but less than a "probability" that a defendant has acted unlawfully. Id. at 1949-50. Resolution of factual disputes is not appropriate on a motion to dismiss. See, e.g., DiBlasio v. Novello, 344 F.3d 292, 304 (2d Cir. 2003).

Therefore, in considering Plaintiff's motion to dismiss, the Court must accept as true all of the factual allegations in support of Defendant's counterclaims asserted in her Amended Answer and draw all inferences in Defendant's favor. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110 (2d Cir. 2010). Further, the Court's task is "merely to assess the legal feasibility of the [counterclaim], not to assay the weight of the evidence which might be offered in support thereof." Leavitt v. Bear Sterns & Co., 340 F.3d 94, 101 (2d Cir. 2007); DiFolco, 622 F.3d at 110. As set forth below, Defendant's counterclaim unequivocally satisfies this standard and the Court should deny the motion to dismiss.

## II. DEFENDANT STATES A VALID COUNTERCLAIM UNDER NEW YORK LABOR LAW SECTION 193

### A. Plaintiff's Motion Is Misplaced Because New York Labor Law Section 193 Applies To Executives

Section 193 of the NYLL provides that "no employer shall make any deduction from the wages of an employee." N.Y. Lab. Law § 193. For purposes of Article 6 of the NYLL, the term "employee" means "any person employed for hire by an employer in any employment." Id. at § 190(2). Therefore, Defendant unequivocally qualifies as an employee under the statute, despite Plaintiff's contentions Ms. Romano is an executive. While certain sections of Article 6 of the NYLL explicitly exclude application to individuals employed in a "bona fide executive" capacity, Section 193 applies to all employees generally. See id. at § 193; Pachter v. Bernard

Hodes Group, Inc., 10 N.Y.3d 609, 616 (2008). Thus, Plaintiff's deduction of more than $50,000 from the bonus payment owed to Defendant is prohibited by Section 193 of the NYLL.

### B.   The Bonus Owed Defendant Constitutes Wages Under Article 6 Of The Labor Law

Article 6 of the NYLL defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1). New York courts have held, however, that this statutory definition "contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled." Truelove v. Northeast Capital & Advisory, Inc., 95 N.Y.2d 220, 224 (2000); see also Farricker v. Penson Dev., Inc., 07 CIV. 11191 (DAB), 2009 WL 860239, *8 (S.D.N.Y. Mar. 31, 2009). Thus, "discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute." Truelove, 95 N.Y.2d at 224. The bonus payment owed Defendant was non-discretionary and, by contrast, was determined according to a set formula. As such, it clearly constitutes "wages" under the NYLL and cannot be squeezed into the Truelove holding regardless of how much Plaintiff wishes it could be.

Plaintiff incorrectly states that the money Defendant is owed is not wages "because it is based on the [Separation] Agreement entered into by the parties in connection with her departure from the company, not for actual services performed." See Plaintiff's Memorandum of Law ("Pl. Mem.") at 16. This statement is false. By its clear terms, the Separation Agreement merely memorializes Ms. Romano's preexisting right to the prorated value of her bonus pursuant to the terms of Ross' bonus plan. The Separation Agreement states:

6

> In further consideration of Employee's promises herein, Employee will remain eligible for a FY2009 annual bonus prorated based on the number of days the Employee provided services to the Company during Fiscal Year 2009. The amount of such annual bonus payable, prior to any proration, shall be equal to the annual bonus that the Employee would have earned had no termination occurred, contingent on the relevant annual bonus plan performance goals for the year having been obtained. However, in no case shall such annual bonus, prior to proration, exceed 100% of the Employee's target bonus of $80,500 for Fiscal Year 2009. Such bonus shall not be paid until due under the applicable Company bonus plan.

Separation Agreement ¶ 7. The bonus payment to which Ms. Romano is entitled is solely that prorated amount calculated under the bonus plan based on her services rendered during 2009. In short, the Separation Agreement simply incorporated her preexisting right to a bonus for services rendered in 2009 as determined under the bonus plan formula and prorated it to reflect her departure before the end of 2009.

This is consistent with Defendant's allegations in her Counterclaim, charging that "Plaintiff only paid Defendant $28,164 as her prorated bonus for 2009, which was based solely on her individual performance goals in violation of the terms of both the bonus plan and the separation agreement." Countercl. ¶ V (emphasis added). Therefore, Plaintiff's mischaracterization of the bonus payment as deriving from the Separation Agreement alone, divorced from her services as an employee of Ross, is contradicted by both the Counterclaim and the Separation Agreement itself. Because Defendant plainly alleges that she is entitled to a prorated payment of her full bonus as calculated under the terms of the bonus plan, which is directly correlated to the services she performed while working for the Company in 2009, Plaintiff's argument that it is not wages fails.

The bonus money owed Defendant is wages within the meaning of Article 6 of the NYLL. In addition to the factual mischaracterizations noted above, Plaintiff relies primarily on the holding in Truelove and its offspring to argue to the contrary. See Pl. Mem. at 11-13.

Plaintiff's reliance on Truelove is misplaced. Truelove (and its progeny) does not support dismissal here.

In Truelove, the employee argued that his employer violated the NYLL by failing to pay him a quarterly, discretionary bonus after he had resigned. The bonus plan governing the payments in that case stipulated that the bonus payments "would be allocated in the CEO's sole discretion and would be paid in quarterly installments, with each payment contingent upon the recipient's continued employment at the firm." Id. at 222-23. In affirming summary judgment (not a motion to dismiss) for the employer, the court analyzed the terms of the applicable discretionary bonus plan and found that the "declaration of a bonus pool was dependent solely upon [the] employer's overall financial success" and "plaintiff's share in the bonus pool was entirely discretionary and subject to the non-reviewable determination of his employer." Id. at 224 (emphasis added). In other words, only after conducting an in depth review of the terms of the employer's bonus plan and determining that the bonus payment at issue was entirely discretionary based solely on the success of the employer, was the court able to conclude that such payment was not wages under the NYLL. See id. at 224-25.

The current facts before the Court here present a starkly distinct picture from Truelove. First, there has been no analysis of the terms of Ross' bonus plan, nor can there be any such analysis at this stage. Whereas in Truelove the court knew that the bonus payment was entirely discretionary and contingent not on the employee's performance but, rather, solely on the employer's financial success when it concluded that the bonus was not wages, Ross' bonus plan is not included in the pleadings and, therefore, is not before the Court on Plaintiff's motion to dismiss. See Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989) (precluding consideration of documents not attached as exhibits to complaint in vacating district court's dismissal of

8

complaint). Second, Defendant is seeking payment of bonus compensation of a fixed amount, determined by a set formula, as opposed to the sole discretion of her employer. See Countercl. ¶¶ IV-VII. Lastly, Defendant seeks payment of a bonus that was tied to both her individual performance and Plaintiff's overall performance, not discretionary additional compensation as a share in a reward to all employees based solely on the success of the employer. See Truelove, 95 N.Y.2d at 224.

In cases with facts analogous to the instant matter, New York courts have held that such payments constituted wages under Article 6. For example, in Farricker, the employee alleged that his employer's failure to pay him certain "participation payments" upon his resignation constituted a violation of Section 193 of the NYLL. Farricker, 2009 WL 860239 at *8. After reviewing the language of the bonus plan, the Southern District of New York determined that the employee was "guaranteed Participation Payments… as a term of his employment." Id. Moreover, similar to the allegations of Ms. Romano, "the Written Agreement clearly laid out the circumstances under which Participation Payments were to be paid; both how much and when, and did not involve management discretion so as to render them incentive compensation." Id. Therefore, the court in Farricker denied the employer's motion to dismiss, holding that the employee properly alleged an unlawful deduction from his wages in violation of Section 193. Id.; See e.g., Aledia v. HSH Nordbank AG, 08 CIV. 4342, 2009 WL 855951, *3 (S.D.N.Y. Mar. 25, 2009) (ruling that employee pled sufficient basis for relief under NYLL § 193 because court could not rule as matter of law that incentive compensation claimed by employee was not "wages"); Simas v. Merrill Corp., 02 CIV.4400 (RCC), 2004 WL 213013, *6 (S.D.N.Y. Feb. 4, 2004) (awarding employee partial summary judgment on issue of wages because amount owed "was clearly tied to the individual employee's performance and did not involve management

discretion"); Schutty v. Pino, 95 CIV. 1526 (LMM), 1997 WL 363812, *3 (S.D.N.Y. July 1, 1997) (holding that employee's bonus constituted wages within meaning of NYLL because determined by fixed formula based upon gross fees earned by firm for year).

Furthermore, the other cases cited by Plaintiff in support of dismissal are unavailing, as they merely reiterate the Truelove holding already distinguished, or involve an in depth review of the operative bonus plan as the basis for the court's decision. In Ireton-Hewitt v. Champion Home Builders Co., 501 F. Supp. 2d 341, 354 (N.D.N.Y. 2007), unlike the instant facts, the court determined that the bonus payments owed the employee did not constitute wages because "the bonus plan did not predicate bonus payments on plaintiff's personal productivity," and the bonus payment was contingent upon remaining employed with the company. Id. Ms. Romano's bonus payment was based on both her individual productivity and the Company's performance. Moreover, nothing in the pleadings here indicates that payment of the bonus hinged on her continued employment with Ross.

Plaintiff's citation to Colangelo v. Fresh Perspectives, Inc., 948 F. Supp. 331 (S.D.N.Y. 1996) is likewise unsupportive of Ross' position. Colangelo was decided prior to Truelove, involved a NYLL Section 191 (not 193) claim, contained no meaningful discussion of the relevant facts, and held simply that the term wages under the NYLL did not encompass "incentive compensation plans." Id. at 332. A multitude of cases since Colangelo, including Truelove itself, have posited the controlling standard for determining whether bonuses constitute wages within the meaning of the NYLL -- an analysis based on whether the payments are discretionary, tied solely to the employer's overall financial success without accounting for the productivity of the employee, and/or dependent upon satisfaction of a specific condition

precedent. See Farricker, 2009 WL 860239; Simas, 2004 WL 213013; Truelove, 95 N.Y.2d at 223-25 (2000).

Lastly, Cantor Fitzgerald Assocs., L.P. v. Mines, 1 Misc. 3d 906(A), 781 N.Y.S.2d 622 (N.Y. Sup. Ct., N.Y. Co. 2003) is plainly distinguishable from the instant case. Cantor Fitzgerald involved a summary judgment motion, as opposed to a motion to dismiss, in which the court based its decision that the incentive payment owed was not a wage on an exhaustive review of the governing employment agreement. Id. at *3. The court held that a binding and enforceable amendment to the employment agreement amounted to a voluntary agreement to forego certain compensation. Id. Needless to say, there is no comparable waiver alleged, let alone identified in the pre-discovery record on the current motion. Cantor Fitzgerald, therefore, does not support Plaintiff's request for pre-answer dismissal of Defendant's NYLL counterclaim.

C. **Defendant Properly Alleges A Deduction Of Wages Under New York Labor Law Section 193**

While Plaintiff correctly states that Section 193 applies to "actual deduction[s] of wages," and to deductions by employers for "spoilage or breakage, cash shortages or losses, fines or penalties for lateness, misconduct or quitting without notice," (Pl. Mem. at 14, 15) Plaintiff misses the point. Section 193 also indisputably applies to employees' claims for earned wages that have been withheld by an employer. See Bader v. Wells Fargo Home Mortg. Inc., 09 CIV. 9410 (RJH), 2011 WL 1158403, *15-17 (S.D.N.Y. Mar. 29, 2011) (acknowledging that Section 193 does apply to withheld bonuses that meet definition of wages); Aledia, 2009 WL 855951, *3 (ruling that employee's claim for withheld incentive compensation that meets definition of wages constitutes sufficient basis for relief under NYLL § 193); Farricker, 2009 WL 860239, *8 (same); Carlson v. Katonah Capital, L.L.C., 10 Misc.3d 1076(A), 814 N.Y.S.2d 889, *3-4 (N.Y. Sup. Ct. N.Y. Co. 2006) (same). Therefore, despite Plaintiff's argument to the contrary, Section

11

193 applies to Ms. Romano's claim for her full bonus payment, as owed to her by the terms of Ross' bonus plan.

None of the cases cited by Plaintiff negate applicability of Section 193 to Ms. Romano's Counterclaim. In Kletter v. Fleming, 32 A.D.3d 566, 567 (N.Y. App. Div. 3d Dep't 2006), the employee's counterclaim alleged a violation only of NYLL Section 190, which solely contains definitions. Further, in opposing the employer's first motion to dismiss his counterclaim, the employee again failed to cite to NYLL Section 193, asserting only that "plaintiff had not paid all the money owed under the parties' contract." Id. Conversely, Ms. Romano plainly alleges that Plaintiff willfully and intentionally withheld the wages owed her in violation of NYLL Section 190 et seq. Countercl. ¶ X. Moreover, in the instant memorandum of law, Defendant explains in detail that she has pled a valid cause of action under NYLL Section 193.

Monagle v. Scholastic, Inc., 06 CIV. 14342 (GEL), 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007), also cited by Plaintiff, is similarly unavailing. The employee in Monagle sought recovery of severance payments provided for solely by a separation agreement signed by the parties. Id. at *2. Conversely, Ms. Romano seeks recovery of the full value of the bonus payment that she has already earned and that is owed to her pursuant to the terms of Ross' bonus plan and merely reiterated in the Separation Agreement.

Lastly, Plaintiff cites Ferrand v. Credit Lyonnais, 02 CIV.5191(VM), 2003 WL 22251313, *14 (S.D.N.Y. Sept. 30, 2003) aff'd, 110 F. App'x. 160 (2d Cir. 2004), in which the court held simply that NYLL Section 193 applies only to deductions from wages and not any compensation paid an employee. Id. at *14. As discussed in Section II(B) of this memorandum, the bonus payment owed Ms. Romano qualifies as wages within the meaning of Article 6 of the NYLL. The Ferrand court concluded that it "is not persuaded that § 193 is at all relevant to

12

Ferrand's claim for bonus compensation for the years 2000 and 2001; and therefore, such a claim can not be sustained." Id. While Ross interprets this to mean that Section 193 did not apply because Ferrand failed to allege a deduction of wages, (see Pl. Mem. at 15-16), another plausible reading is that, unlike the bonus owed Ms. Romano, the payments owed Ferrand did not constitute wages.  Additionally, the Ferrand court disposed of the employee's claim on summary judgment -- after discovery had been conducted and the facts had been fully developed.  Here, Ms. Romano has not yet had the same opportunity to uncover facts supportive of her claim and, therefore, Ferrand does not support the dismissal of Ms. Romano's Counterclaim prior to discovery.

### III. DEFENDANT'S CLAIM FOR COSTS, ATTORNEY'S FEES AND STATUTORY LIQUIDATED DAMAGES UNDER NEW YORK LABOR LAW SECTION 198 LIKEWISE MAY NOT BE DISMISSED

Upon proving a substantive violation of Article 6 of the NYLL, an employee "shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment." N.Y. Lab. Law § 198(4); Bierer v. Glaze, Inc., CV-05-2459 (CPS), 2006 WL 2882569, *10 (E.D.N.Y. Oct. 6, 2006).  Additionally, unless the employer can prove a good faith basis for the violation, the NYLL also provides for recovery of liquidated damages in an amount equaling "no more than one hundred percent of the total amount of wages found to be due." N.Y. Lab. Law § 198(1-a).  Because Defendant alleges a substantive violation of Article 6 of the NYLL, specifically Section 193, her claim for costs, attorney's fees, and liquidated damages cannot be dismissed on the basis of Plaintiff's motion.  See Bierer, 2006 WL 2882569 at *10.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion to dismiss and require Plaintiff to file an answer to both counts of Defendant's Counterclaim.

Dated: April 15, 2011
       New York, NY

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
      Scott B. Gilly

85 Fifth Avenue
New York, NY  10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Defendant*

14