UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROSS STORES, INC.,

                            Plaintiff,

        -against-                          10 CV 06527 (JFK)(RLE)

KIMBERLY ROMANO,

                            Defendant.

-------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST COUNTERCLAIM**

JACKSON LEWIS LLP
*ATTORNEYS FOR PLAINTIFF*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

Attorneys of Record:
    Marc S. Wenger, Esq.
    David R. Ehrlich, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii, iii

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................2

POINT I

ROMANO ABANDONS ALL LABOR LAW CLAIMS
EXCEPT UNDER SECTION 193 ...............................................................................................2

POINT II

ROMANO CANNOT ESTABLISH A CLAIM UNDER
LABOR LAW SECTION 193 ......................................................................................................2

    A.    The Payment Romano Claims She Is Owed Is Not Wages .........................................2

        1.    The Payment Romano Claims She Is Owed Was Consideration
            for Promises Made in the Separation Agreement .................................................3

        2.    Romano Admitted that the Alleged Payment Owed to Her
            Was Based on Ross's Overall Performance, Not Her Actual Work .....................5

    B.    The Alleged Non-payment Of The Bonus Was Not
        A Deduction Under Labor Law Section 193 .............................................................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Aledia v. HSH Nordbank AG,
    2009 U.S. Dist. Lexis 24953 (S.D.N.Y. 2009) .............................................................. 7, 9

Anti-Monopoly, Inc. v. Hasbro, Inc.,
    958 F. Supp. 895 (S.D.N.Y. 1997) ................................................................................. 2

Bader v. Wells Fargo Home Mortgage, Inc.,
    2011 U.S. Dist. Lexis 34242 (S.D.N.Y. 2011) ............................................................... 9

Douglas v. Victor Capital Group,
    21 F. Supp. 2d 379 (S.D.N.Y. 1998) .............................................................................. 2

Farricker v. Pension Development, Inc.,
    2009 U.S. Dist. Lexis 27484 (S.D.N.Y. 2009) ............................................................ 7, 9

International Paper Co. v. Suwyn,
    978 F. Supp. 506 (S.D.N.Y. 1997) ................................................................................. 3

Monagle v. Scholastic, Inc.,
    2007 U.S. Dist. Lexis 19788 (S.D.N.Y. 2007) ...................................................... 8, 9, 10

Schutty v. Pino,
    1997 U.S. Dist. Lexis 9266 (S.D.N.Y. 1997) ................................................................. 8

Simas v. Merrill Corp.,
    2004 U.S. Dist. Lexis 1415 (S.D.N.Y. 2004) ............................................................. 7, 8

Smithkline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.,
    211 F.3d 21 (2d Cir. 2000) ........................................................................................... 10

**STATE CASES**

Carlson v. Katonah Capital, LLC,
    10 Misc.3d 1076A, 814 N.Y.S.2d 889 (Sup. Ct., N.Y. Co. 2006) ................................. 9

Duffy v. RMSCO, Inc.,
    34 A.D.3d 1285, 825 N.Y.S.2d 861 (4th Dept. 2006) ................................................. 6, 7

Guiry v. Goldman, Sachs & Co.,
    31 A.D.3d 70, 814 N.Y.S.2d 617 (1st Dept. 2006) ...................................................... 5, 6

Kletter v. Fleming,
    32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dept. 2006) ................................................. 8, 10

Maloney v. Stone,
　195 A.D.2d 1065, 601 N.Y.S.2d 731 (4th Dept. 1993) .................................................................. 10

Truelove v. Northeast Capital & Advisory, Inc.,
　95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000) ........................................................................ 2, 5, 7, 11

**FEDERAL STATUTES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ........................................................................ 1

**State Statutes**

New York Labor Law Section 190(1) ........................................................................... 1, 2, 5, 6, 8

New York Labor Law Section 191 ................................................................................... 1, 2, 10

New York Labor Law Sections 198-c ........................................................................................ 2

New York Labor Law Section 193 ......................................................................................... 5, 8

Plaintiff Ross Stores, Inc. submits this Reply Memorandum of Law in further support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the first counterclaim set forth in the Amended Answer of Defendant Kimberly Romano.

## PRELIMINARY STATEMENT

In her opposition papers, Romano fails in her attempt to shoehorn her breach of contract claim into the narrow confines of New York Labor Law Section 193, the statute prohibiting employers from making deductions from wages. Romano fails on two counts: (1) the amounts she claims she is owed are not "wages" under Labor Law Section 190(1), and (2) the denial of a payment allegedly owed under the parties' separation agreement (the "Separation Agreement") is not a "deduction" from wages, as contemplated by Labor Law Section 193.

The payment Romano claims she is owed are not "wages" because it does not stem from her actual work or individual productivity, as is required by the New York Court of Appeals for it to be considered wages, but from the promises she made in the Separation Agreement. In addition, even if Romano's entitlement to the payment is characterized as a bonus, it cannot be considered wages because, as Romano admits in the Amended Answer, it was based on Ross's financial performance, not her actual work or individual productivity.

Romano's claim under Section 193 should also be dismissed because the alleged non-payment was not a "deduction" from wages. Although Ross cites case law directly addressing this issue, which holds that non-payment of wages is not a "deduction" under Section 193, Romano fails to cite any contrary case law that even discusses or analyzes the issue. Further, the interpretation of Section 193 advanced by Romano would result in disharmony among the provisions of the Labor Law. Allowing a non-payment of wages claim to be asserted under Section 193 would make Section 191 (the statute governing non-payment of wages claims) and the exemptions incorporated therein, obsolete. Accordingly, as urged below and in Ross's initial brief, Romano's Counterclaim under Article 6 of the Labor Law should be dismissed.

# ARGUMENT

## POINT I

### ROMANO ABANDONS ALL LABOR LAW CLAIMS EXCEPT UNDER SECTION 193

In Romano's first counterclaim, she alleges a violation of Labor Law Section 190, et seq., but fails to specify the provision of the Labor Law allegedly violated. In the instant Motion to Dismiss, Ross responded by addressing various provisions of the Labor Law, including Sections 191 and 198-c, and urged that those provisions were inapplicable to Romano's allegations. In her opposition papers, however, Romano fails to address Ross's arguments regarding Sections 191 and 198-c; she addresses only the claim under Section 193. Her failure to address the arguments related to Sections 191 and 198-c is equivalent to an abandonment of those claims and, accordingly, any counterclaim related to Labor Law Sections 191 and 198-c should be dismissed. See Douglas v. Victor Capital Group, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998)(failing to oppose claim raised by movant deemed abandoned by non-movant); Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997).

## POINT II

### ROMANO CANNOT ESTABLISH A CLAIM UNDER LABOR LAW SECTION 193

A. **The Payment Romano Claims She Is Owed Is Not Wages**

For Romano to establish a claim under Labor Law Section 193, she must show that Ross made a deduction from her *wages*, as defined by Labor Law Section 190(1). Romano correctly asserts that the Court of Appeals in Truelove v. Northeast Capital & Advisory, Inc., 95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000), held that the definition of "wages" under the Labor Law was "restrictive" because it "contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled." 95 N.Y.2d at 224. However, she mischaracterizes Truelove's construction of the definition of wages and, for that reason, improperly applies its holding to her first counterclaim.

2

In explaining the restriction on the definition of "wages", <u>Truelove</u> adopted the analysis of the U.S. District Court, Southern District of New York, holding that compensation "based on factors falling outside the scope of the employee's actual work is precluded from statutory coverage." <u>Truelove</u>, 95 N.Y.2d at 224, quoting <u>Tischmann v. ITT/Sheraton Corp.</u>, 882 F. Supp. 1358, 1370 (S.D.N.Y. 1995); <u>see</u> <u>International Paper Co. v. Suwyn</u>, 978 F. Supp. 506 (S.D.N.Y. 1997)(same). More specifically, <u>Truelove</u> held that compensation to reward employees for the success of the employer's business, and not for the employee's individual productivity, is not "wages" under Labor Law Section 193. <u>See</u> <u>Truelove</u>, 95 N.Y. 2d 223-24.

Here, Romano's entitlement to the payment she claims she is owed was a direct result of the promises she made in the Separation Agreement, and was not based on her actual work.[1] Thus, the alleged payment is not wages. In addition, even if this Court holds that alleged payment owed to Romano was a bonus payment, such payment would still not be wages because it was based on the overall success of Ross, not on her actual work. For those reasons, Romano's counterclaim under Labor Law Section 193 should be dismissed.

### 1. The Payment Romano Claims She Is Owed Was Consideration for Promises Made in the Separation Agreement

Romano incorrectly asserts that the payment owed to her was a bonus payment based on her individual performance. While Romano acknowledges any entitlement to payment derives from the Separation Agreement, she attempts to side-step that obvious fact by incorrectly stating that the Agreement "merely memorializes Ms. Romano's preexisting right to a prorated value of her bonus pursuant to the terms of Ross's bonus plan." Memorandum of Law in Opposition to Plaintiff's

---

[1] Romano's assertion in her brief in opposition to this Motion that she was "entitled" to the bonus under Ross's plan is both false and irrelevant. At the time of her separation in October 2009, Romano was not "entitled" to a 2009 bonus, nor does she claim as much in her Amended Answer. She pleads merely that she was "eligible" for a bonus under the plan, which is not presently before the Court. Her claim for a bonus derives entirely from the terms of the Separation Agreement, as set forth in the Amended Answer. Her exaggerated statements of "entitlement" to a bonus in her brief have no bearing in this Motion.

Motion to Dismiss Defendant's First Counterclaim, p. 7 ("Def. Mem."). Romano's statement is incorrect for two reasons.

First, the argument that she had a preexisting right to the value of her bonus is directly contradicted by the Separation Agreement. When the parties decided that Romano would separate from Ross, they negotiated monetary payments to be made to Romano in exchange for a general release and a non-solicitation covenant, among other things. Accordingly, with regard to the payment Romano claims she is owed, the Separation Agreement explicitly states that such payment was "in further consideration of [Romano's] promises herein." See copy of the Separation Agreement attached to the Declaration of Scott B. Gilly as Exh. A; Def. Mem. p. 7. That language unmistakably demonstrates that the alleged "bonus" payment was "consideration" for the "promises" made in the Separation Agreement, not for actual work performed. Further, if the "bonus" payment was "merely" a "preexisting right" (i.e., Romano was already entitled to receive this payment whether or not she was discharged in October 2009), then such payment could not be (and would not have been) characterized as consideration.

Second, there is other language in the Separation Agreement which demonstrates that, but for the Agreement, Romano would not have been entitled to a bonus when her employment was terminated in October 2009. The provision relating to the "bonus" payment explicitly states that Ross will provide her with the pro-rated "bonus" payment which she "would have earned had no termination occurred…." See Amended Answer Paragraph IV. In other words, but for the Separation Agreement, the termination of her employment would have resulted in her not earning and not being entitled to a bonus. Ross agreed to pay Romano a "bonus" as if she was not terminated, in exchange for Romano's promises in the Separation Agreement. This demonstrates that Romano did not have a preexisting right to this "bonus" based on her actual work, but rather, the bonus was merely a method to calculate the product of the negotiated terms of the Separation Agreement.

4

Accordingly, the source of entitlement to the "bonus" payment was not the actual work Romano performed, but the promises she made in the Separation Agreement, and thus, this "bonus" payment is not "wages" under Labor Law Section 190(1).

### 2. Romano Admitted that the Alleged Payment Owed to Her Was Based on Ross's Overall Performance, Not Her Actual Work

The payment Romano claims she is owed cannot be considered wages under Labor Law Section 190(1) because it was based on Ross's overall business performance, not on Plaintiff's actual work or individual productivity.

In an attempt to avoid this inconvenient fact, Romano argues that a bonus payment must be discretionary to avoid coverage under the definition of wages. Def. Mem. p. 8. This ignores the central holding in Truelove that compensation "based on factors falling outside the scope of the employee's actual work is precluded from statutory coverage." 95 N.Y. at 224. The discretionary nature of a bonus is a factor to be considered in making this determination, as is the extent to which the payment was based, at least in part, on the employer's financial success, rather than the individual's personal productivity. See Truelove, 95 N.Y.2d at 223-24. While both factors were present in Truelove, that does not diminish Truelove's holding, or preclude a party from showing that a payment to an employee was not "wages" because it was based on the financial success of the business or some factor other than her actual work.

The proper application of Truelove was illustrated in Guiry v. Goldman, Sachs & Co., 31 A.D.3d 70, 814 N.Y.S.2d 617 (1st Dept. 2006), a case strikingly similar to the instant case. An employee claimed that his employer violated Sections 191 and 193 by not paying him deferred equity-based compensation subsequent to his discharge. 31 A.D.3d at 71. On a motion to dismiss for failure to state a claim, the court held that because the deferred compensation was designed as an incentive to remain with the company and its value was dependent on the firm's overall financial success, instead of the employee's individual productivity, the payment for which the employee was

5

suing was not wages as defined by Section 190(1). Id. at 72-73. Moreover, the court noted that because it was deciding a motion to dismiss and did not have the benefit of reviewing the bonus plan, it could not determine whether the equity-based compensation was discretionary. Id. at 73-74. Nevertheless, the court held that regardless of whether the payment was discretionary, the compensation was still an incentive to remain employed and its value still dependent, at least in part, on the financial success of the business. Id. at 74. In dismissing the Section 191 and 193 claims, the court explained that Truelove "strongly suggests that compensation having such characteristics does not constitute wages, *whether or not it was discretionary.*" Id. (emphasis added). Thus, Defendant's construction of Truelove to require a determination as to the discretionary nature of a bonus payment for purposes of applying the definition of wages under Section 190(1) is contrary to the holding in Guiry. Id.

Similarly, in Duffy v. RMSCO, Inc., 34 A.D.3d 1285, 825 N.Y.S.2d 861 (4th Dept. 2006), without discussing whether a bonus was discretionary, the court held that because "the terms of the bonus plan conclusively established that the bonus was 'dependent, at least in part, on the financial success of [defendant]'… the bonus therefore did not constitute a wage within the meaning of Labor Law § 190(1)." 34 A.D.3d at 1286 (internal citations omitted).

Here, Romano *admits* that the portion of the "bonus" payment she claims she is owed was based on Ross's overall financial success. Amended Answer ¶¶ V-VI. She fails in her attempt to side-step this admission by wrongly arguing that the payment is wages unless it is *solely* based on the business's financial success. Def. Mem. p. 8. First, there is no requirement that the bonus payment be based solely on the financial performance of the company. The case law is clear that as long as the bonus payment is at least partially based on the business's financial success, the payment cannot be based on the employee's actual work. Truelove, 95 N.Y.2d at 223-24; Duffy, 34 A.D.3d at 1286. In any event, the allegations made in paragraphs IV-VI of the Amended Answer unmistakably state that the portion of the bonus payment that was not paid was based solely on Ross's overall

6

performance. Moreover, there is no need for the Court to study Ross's bonus plan to determine that it is based on Ross's overall performance because Romano already admitted that fact.

The cases cited by Romano to support her claim are distinguishable from the case at hand. In <u>Farricker v. Pension Development, Inc.</u>, 2009 U.S. Dist. Lexis 27484 (S.D.N.Y. 2009), the amounts claimed by the employee were commission-like payments based on deals closed during his employment and, thus, unlike Romano's bonus, connected to his actual work. 2009 U.S. Dist. Lexis 27484 at *3, 21-22.

In <u>Aledia v. HSH Nordbank AG</u>, 2009 U.S. Dist. Lexis 24953 (S.D.N.Y. 2009), the Court could not dismiss the claim because it was unable to tell from the employment agreement whether the monies claimed by the employee were vested, conditioned on an outside occurrence or left to the employer's discretion. 2009 U.S. Dist. Lexis 24953 at *6-7. In contrast, as admitted by Romano, her alleged bonus payment was dependent upon the outside occurrence of Ross's financial performance.

In <u>Simas v. Merrill Corp.</u>, 2004 U.S. Dist. Lexis 1415 (S.D.N.Y. 2004), the amounts claimed by the plaintiff employee were earned commissions based upon signing up new accounts during his employment and, thus, unlike Romano's bonus, tied directly to his actual work performance. 2004 U.S. Dist. Lexis 1415 at *19.

In <u>Schutty v. Pino</u>, 1997 U.S. Dist. Lexis 9266 (S.D.N.Y. 1997), the plaintiff employee, unlike Romano, was guaranteed a bonus as part of his compensation based on the gross fees earned by the firm, and was still employed when that bonus was earned and the amount was determinable. 1997 U.S. Dist. Lexis 9266 at *2-3, 8. In the case at hand, Romano was not guaranteed a bonus, but received it as a result of the Separation Agreement and the amount was not determinable while she was still employed by Ross Stores.

Thus, for the reasons stated above, the payments claimed by Romano were not wages as defined by Labor Law Section 190(1).

B. **The Alleged Non-payment Of The Bonus Was Not A Deduction Under Labor Law Section 193**

Romano cannot distinguish the cases cited by Ross, which hold that non-payment of wages is not a "deduction" from wages as contemplated by Labor Law Section 193. Thus, Romano attempts to distinguish Kletter v. Fleming, 32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dept. 2006), to no avail by arguing that the counterclaim-plaintiff did not specifically cite Section 193 in his counterclaim. Def. Mem. p. 12. However, neither did Romano. Romano attempts to distinguish her failure to specifically identify Section 193 by stating that she discusses that violation in her opposition papers, but so did the counterclaim-plaintiff in Kletter. 32 A.D.3d at 567. Romano's attempt to distinguish Kletter on that basis is, in any case, irrelevant because the court specifically addressed the issue of whether the non-payment of wages is a "deduction" under Labor Law Section 193, and held that it was not. 32 A.D.3d at 567.

Romano also cannot distinguish Monagle v. Scholastic, Inc., 2007 U.S. Dist. Lexis 19788 (S.D.N.Y. 2007), by arguing that Monagle addresses "severance" payments instead of "bonus" payments. Def. Mem. p. 12. Although that distinction may have some relevance in determining whether the payment is wages, it is wholly irrelevant to the issue of whether the non-payment is a deduction. Monagle held that, "Section 193 has nothing to do with the failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages." Id. at *5. Thus, as in Monagle, Section 193 does not apply to the alleged non-payment of wages.

The cases cited by Romano in support of her argument that Section 193 applies to the non-payment of wages are distinguishable and, in fact, do not discuss the principle of law for which she cites them. In all four cases, Bader v. Wells Fargo Home Mortgage, Inc., 2011 U.S. Dist. Lexis 34242 (S.D.N.Y. 2011), Aledia, supra; Farricker, supra, and Carlson v. Katonah Capital, LLC, 10 Misc.3d 1076A, 814 N.Y.S.2d 889 (Sup. Ct., N.Y. Co. 2006), the issue of whether a non-payment of wages is a deduction is not discussed. Bader simply reiterates the statutory language of Section 193,

but contains no analysis of deductions under that statute. 2011 U.S. Dist. Lexis 34242 at *45. In Aledia, the Court does not discuss the applicability of Section 193 because it was undisputed that the employer deducted a portion of the employee's earned wages. 2009 U.S. Dist. Lexis 24953 at *1-2. In Farricker, the Court does not discuss the issue of deductions under Section 193, but simply finds that the plaintiff employee alleged that his wages were improperly reduced. 2009 U.S. Dist. Lexis 27484 at *20. Finally, in Carlson, the Court only addresses the issue of who is an "employee" and what are "wages" under the statute—nothing substantive about Labor Law Section 193 was addressed. In contrast, the cases cited by Ross contain an actual analysis and discussion of what constitutes a "deduction" under Section 193, and based on those cases, non-payment of wages does not fall within that statute.

The above analysis is supported by the principle that where an interpretation of one law would render the other meaningless or would create an irreconcilable conflict, courts should adopt a construction that enables them to be reconciled, so that the two statutes can exist in harmony. See Smithkline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc., 211 F.3d 21, 27-28 (2d Cir. 2000); Maloney v. Stone, 195 A.D.2d 1065, 1067, 601 N.Y.S.2d 731, 733 (4th Dept. 1993).

Here, the New York legislature enacted Labor Law Section 191 to address the issues of non-payment of wages, and established certain limitations on that provision. N.Y. Lab. Law Section 191. For instance, executives and professionals are exempted from the statute's protections. Id. However, if Labor Law Section 193 is interpreted as Romano suggests, i.e., to include claims for non-payment of wages, then Section 191, and the restrictions set forth therein, would be unnecessary. Thus, for Sections 191 and 193 to exist in harmony, Section 191 must be interpreted to address the non-payment of wages (as the title explicitly states) and Section 193 should apply to actual deductions from wages (as its title explicitly states). Accordingly, the Court should apply the interpretation set forth in Kletter and Monagle and dismiss Romano's Section 193 claim.

## CONCLUSION

For all of the foregoing reasons, Ross's Motion pursuant to FRCP 12(b)(6) to dismiss Romano's First Counterclaim should be granted in its entirety, together with any such other, further or different relief as this Court deems just and proper.

Dated: Melville, New York
May 6, 2011

                                    Respectfully submitted,

                                    JACKSON LEWIS LLP
                                    ATTORNEYS FOR PLAINTIFF
                                    58 South Service Road, Suite 410
                                    Melville, New York   11747
                                    (631) 247-0404

                                    By: /s/ Marc Wenger
                                            Marc S. Wenger, Esq.
                                            David R. Ehrlich, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2011, I caused a true and correct copy of the enclosed **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST COUNTERCLAIM** to be served upon all parties, by depositing a true copy into an official Federal Express depository under the exclusive care and custody of Federal Express Overnight Service addressed to:

Scott B. Gilly
Attorneys for Defendant
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, New York  10003

_____
David R. Ehrlich, Esq.

4847-0757-1465, v. 1